**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1730**

NIMAL JAYASIRI VITHANA PATHIRANAGE,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 2, 2010          Decided:  March 11, 2010

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Elizaveta Krukova, Falls Church, Virginia, for Petitioner. Tony West, Assistant Attorney General, Shelley R. Goad, Senior Litigation Counsel, Carmel A. Morgan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nimal Jayasiri Vithana Pathiranage, a native and citizen of Sri Lanka, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Pathiranage challenges the immigration judge's adverse credibility finding, as affirmed by the Board.[*] For the reasons set forth below, we deny the petition for review.

We will uphold an adverse credibility determination if it is supported by substantial evidence, see Dankam v. Gonzales, 495 F.3d 113, 120 (4th Cir. 2007), and reverse the Board's decision "only if the evidence presented . . . was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks omitted). We have thoroughly reviewed the administrative record, the immigration judge's written decision, and the Board's order affirming that decision, and we find that substantial evidence supports the

---

[*] Because Pathiranage does not advance any argument relevant to the denial of CAT protection, he has abandoned that issue on appeal. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

2

immigration judge's adverse credibility finding, affirmed by the Board, and the ruling that Pathiranage failed to establish a well-founded fear of future persecution as necessary to establish eligibility for asylum. <u>See</u> 8 U.S.C. § 1158(b)(1)(B)(i), (ii) (2006) (establishing that alien bears burden of proof to demonstrate eligibility for asylum); 8 C.F.R. § 1208.13(a) (2009) (same). Because the record does not compel a different result, we will not disturb the Board's order affirming the denial of Pathiranage's application for asylum.

Moreover, as Pathiranage cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal.").

For the foregoing reasons, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3